# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### HAWLEY v. HUNT.

*Appeal from Jackson District Court — Wednesday, May 6.*

WHEN BILL OF EXCEPTIONS MUST CONTAIN ALL THE EVIDENCE:
FAILURE TO EXCEPT.

This action is upon two judgments rendered in the Supreme Court of New York, on the 5th and 13th of September, 1854 — one in favor of Robinson and the other in favor of Thomas, and both assigned to plaintiff. Defendant was served with notice in March, 1862, and at the next term answered, alleging payment of the first judgment in July, 1855; and that Thomas, who recovered the second judgment, was, at the time he assigned to plaintiff, indebted to defendant in the sum of, etc., for, etc., showing a claim larger than such judgment. In March, 1863, he answered that plaintiff was not the real party in interest; that said judgments belong to one Price, and that, since the last term, the cause has been "settled and fully satisfied," between defendant and such real owner. At the March Term, 1865, there was a further answer, alleging a discharge under the insolvent laws of New York, in August, 1863.

The bill of exceptions shows, that, on the trial to the court, plaintiff "introduced as evidence the record and proceedings, and the judgment upon which this action is brought; also evidence of L. Catlin, L. Wilbur, S. D. Lyman, and deposition of Theodore Hawley, and rested his case. Defendant offered as evidence a discharge under the insolvent laws of New York, to the introduction of which plaintiff objected; the objection was overruled; plaintiff excepted. Defendant was called as a witness, and testified as follows: (here follows his testimony) "which" (continues the bill of exceptions) "was all the evidence offered by the defendant. The court found for defendant, to which plaintiff then and there excepted. Motion for new trial overruled, and plaintiff excepts."

The journal entry shows that the cause was heard on petition, answer and testimony, and "the court finds that the discharge granted under the insolvent laws of New York, is a bar to this proceeding; judgment is therefore rendered against plaintiff, etc. The entry does not show an exception to this ruling. Plaintiff appeals.

*Charles M. Dunbar* for the appellant — *W. E. Leffingwell* for the appellee.

WRIGHT, J. — I. The ground of objection to the introduction of the certificate of discharge, is not disclosed. Indeed it does not appear that any was stated in the court below. Hence we cannot say that the ruling was erroneous. *O'Hagan* v. *Clinesmith*, present term; Rev. § 3107.

II. From the bill of exceptions (quoted from literally in the statement), three things are observable : First. "the record, proceedings, and judgment, upon which the action is brought," are not embodied in the bill, nor identified by it. Second, the same is true of the testimony of the witnesses named. Third, while it is said that this was all the evidence offered by defendant, it is nowhere, either expressly or by implication, stated, that all the evidence introduced is found in the record; and a fourth, and most material one, is, that, while it is said that plaintiff introduced the testimony of Wilbur and Lyman, no such testimony is found, either in whole or in part, in any part of the record; nor does the transcript contain the motion for a new trial.

It follows necessarily from these defects in the record that we cannot find error in this judgment. For upon what testimony the court below found for defendant, is not disclosed, and we cannot know. Possibly the plea of payment or settlement may have been sustained. Authorities are not wanting, nor need they be cited, to sustain a proposition so familiar.

If it be said that the journal entry recites that the court found "the discharge to be a bar," the answer is that upon what testimony this finding was based does not appear, nor was there any exception to such finding. For aught that appears, the court could reasonably have found that plaintiff, or the party holding the judgments, and defendant, were both residents of New York at the time the discharge was granted; that the discharge was resisted by such party; and that there may have been a dividend, and acceptance of the terms and conditions named in such discharge. In a word, as we do not know the facts, we cannot tell upon what the conclusion was based. It is not shown, even, what discharge was thus held a bar.

As the record stands, we have no alternative. We should overturn numberless prior decisions, should we adjudge that error affirmatively appeared from this transcript. And yet it should thus appear, else the judgment must stand, as this one does —

                                                Affirmed.